UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

VICKEY PRESLEY,

    Plaintiff,                                       Case No. 06-15664
                                                    HON. BERNARD A. FRIEDMAN

vs.

UNITE HERE LOCAL 24,

    Defendant.
_____/

**OPINION AND ORDER REMANDING MATTER TO
WAYNE COUNTY CIRCUIT COURT AND DENYING
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AS MOOT**

**I.    Introduction**

Plaintiff Vickey Presley's two-count complaint arises from Defendant UNITE HERE Local 24's termination of her employment on March 8, 2005. Plaintiff claims (1) her termination was in violation of a contract between her and Defendant, and (2) that she was terminated because of her age.

Defendant has filed a motion for summary judgment on both counts. Defendant argues it is entitled to summary judgment on Count I because (1) Plaintiff's termination did not violate any contract between her and Defendant, and (2) Plaintiff's claim is time-barred. Defendant believes it is also entitled to summary judgment on Count II because (1) Plaintiff has failed to set forth a prima facie case of age discrimination; and (2) even if Plaintiff set forth a prima facie case, she has failed to show that Defendant's reasons for her discharge are pretextual.

Plaintiff's complaint was originally filed in Wayne County Circuit Court. Defendant

1

filed a timely removal pursuant to 28 U.S.C. §§ 1331 and 1441(b), and Plaintiff did not seek remand. The Court, in reviewing Defendant's motion for summary judgment and the facts and exhibits that the parties have presented it with, has had a better opportunity to assess the grounds for removal than it did based solely on Defendant's removal petition. Based on its review, the Court finds that it lacks subject matter jurisdiction. "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). Accordingly, the Court will remand this matter to the Wayne County Circuit Court, and deny Defendant's motion for summary judgment as moot.

**II.     Jurisdictional Analysis**

Plaintiff's First Amended Complaint alleges that she "had a contract of employment with Defendant wherein she could be discharged only for just cause" and that "she was subject to the by-laws of the union employees." Amd. Complt. ¶ 4. Plaintiff further alleges in her Complaint that she was told that she had all the benefits that the union employees had, "plus." Id. ¶ 5. Plaintiff states that she paid union dues, and contends that the payment of such dues entitled her to progressive discipline and just cause termination. Id. ¶ 6.

Plaintiff believes that she had an unwritten contract with Defendant. She argues that her unwritten contract provided her and other union employees with the best of the benefits that were bargained for on behalf of union members, and as such, she was entitled to the same benefits of union members who were subject to collective bargaining agreements. Among the provisions of the unwritten contract, Plaintiff believes that she was entitled to progressive discipline and termination for just cause, just as union members were. Plaintiff further argues that her employment was governed by the Defendant Bylaws that governed Defendant's

2

relationship with all union members, and addresses various provisions of the Bylaws throughout her deposition testimony and response brief as being applicable to her situation.

Plaintiff states that her claim is based on legitimate expectations that result from Defendant's promises to the workforce. She states that, pursuant to the "expectations leg" of Toussaint v. Blue Cross & Blue Shield, 408 Mich. 579 (1980), an employer may create a situation where the employer's personnel policies or practices lead employees to expect that they may be discharged only for just cause. Plaintiff argues that she was not subject to a collective bargaining agreement, and does not base her claim on a collective bargaining agreement. However, she argues, she still had many of the same rights as union members who were subject to such agreements, and bases her claim upon those rights found in various collective bargaining agreements.

Based on Plaintiff's consistent assertion that her claim is based upon Defendant's Bylaws and the contractual provisions of various collective bargaining agreements, Defendant argues that Plaintiff's claims are governed by Federal labor law. Section 301 of the Labor Management Relations Act ("LMRA") provides:

> Suits for violations of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined by this Act, or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties.

29 U.S.C. § 185(a). Accordingly, Defendant argues, Count I of Plaintiff's complaint falls under the jurisdiction of Section 301 of the LMRA, as Defendant's Bylaws represent a contract "between labor organizations."

Defendant, however, skims over that portion of the LMRA specifying who may bring

such suits. Section 301 of the LMRA specifically limits suits for violations of contracts to those "between an employer and a labor organization representing employees," or suits "between any such labor organizations." The facts present here do not meet such requirements. While Defendant satisfies the "employer" prong, Plaintiff is not a "labor organization," and as such, can not bring suit under the LMRA. Accordingly, it would be improper for this Court to exercise jurisdiction over a matter that does not properly fall within the ambit of the LMRA. This Court has specifically held that "an employment contract between an individual and a labor organization does not fall within the jurisdiction of § 301." Kunz v. United Food and Commercial Workers Local 876, 5 F.3d 1006, 1009 (6th Cir. 2003). Such is the situation here, where Plaintiff claims to have an employment contract with Defendant that may or may not be influenced by various collective bargaining agreements. While individual union members may bring suits under the LMRA, as the Supreme Court held in *Woodell v. International Brotherhood of Electrical Workers, Local 71, et al.*, 502 U.S. 93 (1991), no such ruling has been made to allow non-union members similar opportunities.

Plaintiff's complaint, therefore, does not fall within the LMRA, and this Court may not properly retain jurisdiction over it.

### III. Order

Accordingly,

IT IS ORDERED that this matter is to be remanded to the Wayne County Circuit Court.

IT IS FURTHER ORDERED that Defendant's motion for summary judgment is denied as moot.

Dated: April 9, 2008                      s/Bernard A. Friedman_____
Detroit, Michigan                       BERNARD A. FRIEDMAN
                                              CHIEF UNITED STATES DISTRICT JUDGE

I hereby certify that a copy of the foregoing document
was served upon counsel of record by electronic and/or first-class mail.

s/Carol Mullins
Case Manager to Chief Judge Friedman